UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ENDEL RODRÍGUEZ-CORTES,

    Plaintiff,

v.

SUPERINTENDENCIA DEL CAPITOLIO, et al.,

    Defendants.

Civil No. 3:15-cv-01535 (JAF)

**MEMORANDUM OPINION & ORDER**

Plaintiff Endel Rodríguez-Cortés ("Rodríguez") brings the instant suit pursuant to 42 U.S.C. § 1983 and additional claims under the laws and Constitution of Puerto Rico. Mr. Rodríguez alleges that Defendants deprived him of a property interest without due process of law when he was terminated from his employment. Defendants moved to dismiss Mr. Rodríguez's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 11). Mr. Rodríguez timely opposed the motion. (ECF No. 12).

**Standard of Review**

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court considers the facts alleged in the complaint, but may also consider "whatever evidence has been submitted, such as depositions and exhibits." *Carroll v. United States*, 661 F.3d 87, 94 (1st Cir. 2011) (internal quotation marks omitted). Under Rule 12(b)(6) however, the court is limited to the facts alleged in the complaint, except that the court may consider documents referred to or incorporated into

the complaint and certain other documents when their authenticity is not disputed. *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993).

### Facts

From July 1, 2002, through September 17, 2014, Defendant Superintendence of the Capitol[1] employed Mr. Rodríguez in the General Services Division, initially as an assistant, then later as a Project Coordinator.  Mr. Rodríguez is a member of the New Progressive Party ("NPP") and, in January 2013, when the Popular Democratic Party ("PDP") won majorities in the Puerto Rico House of Representatives and Senate, the HOR designated Defendant Javier VÁzquez as the new Superintendent of the Capitol. Around twenty months later, in September of 2014, Defendant Vázquez terminated Mr. Rodríguez's employment.

### Analysis

Defendants' first argument is that Mr. Rodríguez's complaint is barred by the Eleventh Amendment.  Mr. Rodríguez responds that he seeks no monetary relief against Defendants in their official capacities, and seeks only injunctive relief against the official-capacity defendants.  The Eleventh Amendment bars suits in federal courts for damages against any state without its consent.  Eleventh Amendment immunity protects the state and the arms or alter egos of the state. *Ainsworth Aristocrat Int'l Pty., Ltd. v. Tourism Co. of the Commonwealth of P.R.*, 818 F.2d 1034, 1036 (1st Cir.1987). Additionally, the Eleventh Amendment protects a state official from suits against him for money damages in his official capacity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

---

[1] In Spanish, "Superintendencia del Capitolio".

The Eleventh Amendment does not, however, prevent suits against a state actor being sued in his personal capacity, and neither does it bar official capacity suits against state officers or actors for injunctive or declaratory relief brought pursuant to federal law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984); *Mills v. Maine*, 118 F.3d 37, 54 (1st Cir. 1997)).

In his Fourteenth Amendment due process claim under § 1983, Mr. Rodríguez seeks compensatory damages of no less than $500,000 for back pay and front pay, punitive damages, and interest. Mr. Rodríguez does not specify which of the defendants he seeks the award of damages from; in fact, he states that "plaintiff is entitled to be paid by defendants[.]" (ECF No. 1 at 5). As it applies to Defendant Vázquez in his official capacity and the Commonwealth of Puerto Rico, Mr. Rodríguez's request for monetary relief, including back pay, front pay, and punitive damages, is barred by the Eleventh Amendment. Mr. Rodríguez's requested prospective relief of reinstatement, however, remains before the court. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10 (1989).

As a result, Mr. Rodríguez's § 1983 claim against the Defendant Javier Vázquez in his personal capacity and any injunctive or declaratory relief sought against the Commonwealth Defendants and Defendant Vázquez in his official capacity remain pending before this court.

The court now moves to Mr. Rodríguez's claim that Defendants violated his Fourteenth Amendment right by depriving him of his property interest in his employment without due process. Under the Fourteenth Amendment, a state is prohibited from

discharging a public employee who possesses a property interest in continued employment without due process of law. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). We look to state law to determine whether a property interest in continued employment exists. *Lasalle-Concepcion v. Toledo-Davila*, 569 F.3d 521, 522 (1st Cir. 2009) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972); *Ruiz-Casillas v. Camacho-Morales*, 415 F.3d 127, 134 (1st Cir. 2005) (citations omitted).

"In a due process claim stemming from the termination of employment, 'a public employee must first demonstrate that he has a reasonable expectation, arising out of a statute, policy, rule, or contract, that he will continue to be employed.'" *Acevedo–Feliciano v. Ruiz–Hernandez*, 447 F.3d 115, 121 (1st Cir. 2006) (quoting *Wojcik v. Mass. State Lottery Comm'n*, 300 F.3d 92, 101 (1st Cir. 2002). A person has a constitutionally-protected property interest in continued public employment when he has a reasonable expectation that his employment will continue. *See Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 352 (1st Cir.1992). Puerto Rico law recognizes two categories of public employees: Confidential or trust employees and career employees. 3 L.P.R.A. § 1465. Confidential or trust employees are "selected and removed at will", 3 L.P.R.A. § 1465, and have no constitutionally-protected property interest in the position. *Galloza v. Foy*, 389 F.3d 26, 34 (1st Cir. 2004). A career employee, however, does have a property interest in his continued employment under Puerto Rico law. *Figueroa–Serrano v. Ramos–Alverio*, 221 F.3d 1, 6 (1st Cir. 2000).

The Defendants assert that the Public Service Human Resources Administration Act of the Commonwealth of Puerto Rico, Act No. 184, of 2004, as amended,

(hereinafter, "the Act"), does not establish a protected property interest for Mr. Rodríguez's employment with the Superintendence of the Capitol. (*See, generally*, 3 L.P.R.A. § 1461-1461p). Indeed, the Act excludes employees of the Legislative Branch, 3 L.P.R.A. § 1461e(1), and there is no dispute that the Superintendence of the Capitol is an entity of the Legislative Branch. Accordingly, the Act itself does not apply to Mr. Rodríguez's claims.

Article III, § 9, of the Constitution of the Commonwealth of Puerto Rico, however, permits the Legislative Assembly to adopt its own rules for the employment of legislative employees. Defendant Superintendence of the Capitol promulgated its "Regulation for the Management of the Superintendence of the Capitol's Personnel" ("Personnel Regulations") in light of 3 L.P.R.A. § 1338, repealed in 2004 by the Act.[2] Article V of the Personnel Regulations establishes that employees of the Superintendence of the Capitol "will occupy exempt and temporary positions and may be hired and removed at will." Under Puerto Rico law, "an at-will employee lacks a reasonable expectation of continued employment, and, thus, has no property interest in [his] job." *Gomez v. Rivera Rodríguez*, 344 F.3d 103, 111 (1st Cir. 2003) (internal punctuation omitted) (citing *King v. Town of Hanover*, 116 F.3d 965, 969 (1st Cir. 1997)).

Mr. Rodríguez argues that the Personnel Regulations declaration of his employment as "at will" does not necessarily preclude him from having a property

---

[2] Act No. 184, of 2004, repealed Act No. 5, of 1975. *Gonzalez Segarra v. CFSE*, 188 D.P.R. 252 (P.R. Offic. Trans. at *9). Like § 1461e, § 1338 excluded: (1) the Legislative Branch; (2) the Judicial Branch; (3) employees of government agencies or instrumentalities that operate as private enterprises or businesses; (4) employees of government agencies or instrumentalities entitled to bargain collectively through special laws, and (5) the University of Puerto Rico. 3 L.P.R.A. § 1338.

interest in his job. This court agrees. Though the Legislative Branch is excluded from the Act, it is well-settled that as a matter of public policy, the merit principle is the guiding principle of public service. *See Gonzalez Segarra v. CFSE*, 188 D.P.R. 252 (2013) (P.R. Offic. Trans. at *8-10). Puerto Rico's "merit principle" is the "concept on which basis all public employees shall be selected, promoted, retained and treated in all matters concerning their employment based upon their capability and without discrimination." 3 L.P.R.A. § 1461(42) (2011). The merit principle applies to agencies otherwise excluded from the Act. *See Aponte-Ramos v. Alvarez-Rubio*, 783 F.3d 905, 907-08 (1st Cir. 2015) (analyzing the merit principle for employees of the State Insurance Fund Corporation); *Sastre-Fernandez v. Superintendencia del Capilolio*, 972 F.Supp.2d 217, 219 (P.R.D. 2013) (analyzing the merit principle for employees of the Superintendence of the Capitol). Accordingly, though the Personnel Regulations classify Mr. Rodríguez as an "at-will" employee, this court must conduct a fact-specific inquiry to make that determination. *Sastre-Fernandez*, 972 F.Supp.2d at 219 (citing *Galliza*, 389 F.3d at 29).

"The First Circuit has articulated a two-part test that examines whether: (1) the employing agency's functions involve partisan political interests or concerns; and (2) the employee's position resembles the role of a policymaker or office-holder such that party affiliation would be an appropriate consideration in determining tenure." *Id.* (citing *Mendez–Aponte v. Bonilla*, 645 F.3d 60, 65 (1st Cir. 2011)).

Mr. Rodríguez's complaint will survive a motion to dismiss if it alleges sufficient facts to establish a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 670–78 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). In assessing a claim's plausibility, this court must construe the complaint in Mr. Rodríguez's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of him. *Rodríguez–Ramos v. Hernández–Gregorat*, 685 F.3d 34, 39–40 (1st Cir. 2012) (citation omitted).

First, Mr. Rodríguez's employing agency was the Office of the Superintendent of the Capitol Building. (ECF No. 1). The office is charged with "the upkeep, maintenance, extension, construction and remodeling of the buildings and grounds of the Commonwealth's Capitol Building." 2 L.P.R.A. §§ 651–661. "The maintenance and upkeep of the Commonwealth's Capitol grounds hardly involves partisan political interests." *Sastre-Fernandez*, 972 F.Supp.2d at 219.

Second, Mr. Rodríguez was employed as a Project Coordinator. His role required him to coordinate and supervise construction projects at the Capitol. The court has not been provided with Mr. Rodríguez's job description; thus, there is no reason for this court to find Mr. Rodríguez's explanation of his job duties is anything different from what he asserts.

Here, Mr. Rodríguez has alleged that he worked as a non-political employee, that a new supervisor arrived from the opposing political party, that the new supervisor knew that Mr. Rodríguez was a member of the NPP, and that, as a result, the new supervisor terminated his employment. These facts state a plausible claim for relief and that is all that is required of the plaintiff at this stage.

The motion to dismiss Mr. Rodríguez's § 1983 claim against the Defendant Javier Vázquez in his personal capacity and any injunctive or declaratory relief sought against

the Commonwealth Defendants and Defendant Vázquez in his official capacity is DENIED.

Finally, since his federal claim survives the motion to dismiss, supplemental jurisdiction over Mr. Rodríguez's state-law claims remains proper. See 28 U.S.C. § 1367(a).

## Conclusion

**For the aforementioned reasons, Defendants' motion to dismiss (ECF No. 11) is GRANTED IN PART and DENIED IN PART. Plaintiff's claims for money damages, including back pay, front pay, and punitive damages, against Defendant Vázquez in his official capacity and the Commonwealth of Puerto Rico (and the Superintendencia del Capitolio) are DISMISSED. Plaintiff Rodríguez's § 1983 claim against the Defendant Javier Vázquez in his personal capacity and any injunctive or declaratory relief sought against the Commonwealth Defendants and Defendant Vázquez in his official capacity, along with the state law claims, remain.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of November, 2015.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE