**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ENDEL RODRIGUEZ-CORTES,

    **Plaintiff**,

            **v.**                    **CIVIL NO.** 15-1535 (FAB)

SUPERINTENDENCIA DEL CAPITOLIO,
*et al.*,

    **Defendants**.

**OPINION AND ORDER**[1]

BESOSA, District Judge.

    Plaintiff Endel Rodriguez-Cortes ("Rodriguez") brought suit against his former employer, Superintendencia del Capitolio ("Superintendence"), Javier Vazquez-Collazo, in his official and personal capacities, and the Commonwealth of Puerto Rico, seeking reinstatement and monetary damages pursuant to 42 U.S.C. § 1983 and Puerto Rico law.  Plaintiff Rodriguez seeks reinstatement to his former position as Project Coordinator by the Commonwealth and the Superintendence, and damages from defendant Vazquez-Collazo.[2]

---

[1] Mariana Deseda-Colon, a recent graduate of the University of Puerto Rico School of Law, assisted in the preparation of the Opinion and Order.

[2] The Court previously dismissed plaintiff Rodriguez's monetary claims against the Commonwealth and defendant Vazquez in his official capacity.  See Docket No. 18.

Civil No. 15-1535 (FAB)                                                    2

Before the Court is defendants Superintendence, Javier Vazquez-Collazo ("Vazquez") in his personal capacity, and the Commonwealth of Puerto Rico ("Commonwealth")'s motion for summary judgment, (Docket No. 44), which plaintiff opposes. (Docket No. 52.) Having considered the motion and plaintiff's response, the Court **GRANTS IN PART** and **DENIES IN PART** defendants' motion.

## I.   BACKGROUND

Federal Rule of Civil Procedure 56 and Local Rule 56 require that facts supporting a Motion for Summary Judgment be properly supported by a citation to the record, Local Rule 56(e), and established in a separate short and concise statement of uncontested fact ("SUMF").   Because defendants' SUMF includes several facts not relevant to the claims before the Court, and because plaintiff's counter-SUMF fails to controvert the majority of defendants' asserted facts properly, see P.R. Am. Ins. Co. v. Rivera-Vazquez, 603 F.3d 125, 134 (1st Cir. 2010) (stating that facts which are properly supported "shall be deemed admitted unless controverted in the manner prescribed by the local rule"), the Court includes only those facts which are properly supported by the record and relevant to plaintiff's asserted claims.

Rodriguez began working at the Capitol as a "General Services Assistant".   (Docket Nos. 45-2 at p. 27; 50-2 at p. 1).   At the time he was hired, the Superintendent of the Capitol was a member

Civil No. 15-1535 (FAB)                                             3

of the Popular Democratic Party ("PDP").   (Docket No. 45-2 at pp. 6-37.)   Because of his work progress, Rodriguez was promoted to the position of "Project Coordinator."   Id. at pp. 47, 49. Twelve years later, Rodriguez was terminated from his position. (Docket No. 50-1.)   At the time of his dismissal, the governor was a member of the PDP.   (Docket No. 1 at p. 3.)

## II.   LEGAL STANDARD

A court will grant summary judgment if the moving party shows, based on materials in the record, "that there is no genuine dispute as to any material fact and [the moving party] is entitled to judgment as a matter of law."   Fed.R.Civ.P. 56(a).   "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 786 (1st Cir. 2011) (quoting Rodriguez-Rivera v. Federico Trilla Reg'l. Hosp. of Carolina, 532 F.3d 28, 30 (1st Cir. 2008)).   "A fact is material if it has the potential of determining the outcome of the litigation."   Maymi v. P.R. Ports Auth., 515 F.3d 20, 25 (1st Cir. 2008).

At the summary judgment stage, a court must construe the entire record in the light most favorable to the nonmoving party, drawing all reasonable inferences in its favor.   DePoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir. 2005).   The Court refrains

Civil No. 15-1535 (FAB)                                                    4

from making credibility determinations and weighing the evidence.

See McGrath v. Tavares, 757 F.3d 20, 25 (1st Cir. 2014).  The Court

also   disregards   conclusory   allegations   and   unsupported

speculation.  Id.

### III.   DISCUSSION

### A.   Political Discrimination Claim

Defendants move for summary judgment on plaintiff's political

discrimination claim on the grounds that plaintiff fails to

establish a *prima facie* case of political discrimination.  (Docket

No. 45 at p. 7.)  In his opposition, plaintiff concedes "that he

has no political discrimination claim."  (Docket No. 52 at p. 4.)

Even if plaintiff had not conceded this point, his political

discrimination claim would not have been able to survive

defendants' motion for summary judgment because, in choosing not

to include his party affiliation in his motion, see Docket No. 52,

plaintiff has not established that he and the firing entity were

from opposite political parties.  He, therefore, cannot satisfy

the first prong of the First Circuit's four prong test to establish

a *prima facie* case of political discrimination.[3]  See Ocasio-

Hernandez v. Fortuño-Burset, 640 F.3d 178, 182 (1st Cir. 2011)

---

[3] Because both parties focus on the *prima facie* case, the Court
does not reach the issue of a potential Mt. Healthy argument.

Civil No. 15-1535 (FAB)                                                5

(establishing the four prong test as requiring "(1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for the adverse employment action"). Lamboy-Ortiz v. Ortiz Velez, 630 F.3d 228, 239 (1st Cir. 2010). Because the parties agree that there is no political discrimination claim, defendants' motion for summary judgment as to plaintiff's political discrimination claim is **GRANTED**.

B.   **Qualified Immunity and Due Process Clause Claim**

Defendants next move for summary judgment on the theory that defendant Vazquez has qualified immunity as a government employee. (Docket No. 45 at pp. 13-15.) The qualified immunity doctrine protects government officials from suit on federal claims for damages where, in the circumstances, a reasonable official could have believed his conduct was lawful. See Olmeda v. Ortiz-Quiñones, 434 F.3d 62 (1st Cir. 2006). Qualified immunity does not protect those who knowingly violate the law. See Malley v. Briggs, 475 U.S. 335, 341 (1986).

In determining whether qualified immunity shields a state actor from liability, the Court uses a two-part test: "(1) whether the facts alleged or shown by the plaintiff make out a violation

Civil No.  15-1535 (FAB)                                                 6

of a constitutional right, and (2), if so, whether that right was

clearly established at the time of defendant's violation."   See

Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009) (citing

Pearson v. Callahan, 555 U.S. 223, 232 (2009)).

     For the first prong of the test, the Court must determine if

plaintiff's    constitutional    rights    were    violated    by    the

Commonwealth, the Superintendence and by defendant Vazquez acting

in his personal capacity.   Id.   In order to do so, the Court must

first address plaintiff's Due Process Clause claim.

    **1.   Due Process Clause Claim**

        The   Due   Process   Clause   of   the   Fourteenth   Amendment

provides both procedural and substantive rights[4] to Puerto Rico

citizens.   See Gonzalez-Fuentes v. Molina, 607 F. 3d 864, 879 (1st

Cir. 2010).   Rodriguez alleges in his initial complaint that the

defendants violated his procedural due process when they terminated

him without a prior hearing.   (Docket No. 1 at p. 4.)   Defendants

move for summary judgment on plaintiff's Due Process Clause claim.

(Docket Nos. 44, 45.)

---

[4] In their motion for summary judgment, the defendants only provide
the legal standard of substantive due process and fail to develop
an argument.  (Docket No. 45 at pp. 7-9.)   Accordingly, the Court
finds this argument waived.   See Rodriguez v. Munic. of San Juan,
659 F. 3d 168, 175 (1st Cir. 2011) ("Judges are not mind-readers,
so parties must spell out their issues clearly, highlighting the
relevant facts and analyzing on-point authority.")

Civil No.  15-1535 (FAB)                                                7

          The Due Process Clause guarantees public employees a

property interest in their continued employment only if "existing

rules or understandings that stem from an independent source such

as state law" create a reasonable expectation that their employment

will continue.  Alberti v. Carlo-Izquierdo, 548 F. Appx. 625, 635

(1st Cir. 2013) (quoting Bd. of Regents of State Coll. v. Roth, 408

U.S. 564, 577 (1972)).  Pursuant to Puerto Rico law, a career

position is a constitutionally protected property interest.  See

Kauffman v. P.R. Tel. Co., 841 F.2d 1169, 1173 (1st Cir. 1998).

Persons who hold permanent and career positions must be hired or

fired on merit-based criteria.  See Costa-Urena v. Segarra, 590 F.

3d 18, 22 (1st Cir. 2009).  Trust employees, on the other hand, are

"involved in policy-making and can be more or less hired or fired

at will."  Id.

          Here, defendants maintain the legal conclusion that

plaintiff's position was a trust position.  (Docket No. 45 at

pp. 12-13.)  "While the government's classification of a particular

position is a relevant fact for the Court to consider, it is not

dispositive."  Sastre-Fernandez v. Superintendencia del Capitolio,

972 F. Supp. 2d 217, 219 (D.P.R. 2013) (Fusté, J.) (citing Galloza

v. Foy, 389 F.3d 26, 29 (1st Cir. 2004)).  In order to determine

if a position is a trust position, the Court must make a fact-

specific inquiry.  Id.  The First Circuit Court of Appeals typically

Civil No.  15-1535 (FAB)                                                    8

employs a two-pronged test to make this determination, looking

first to the political nature of the employing agency and second

to the political nature of the plaintiff's position.  See Mendez-

Aponte v. Bonilla, 645 F.3d 60, 65 (1st Cir. 2011).

        In the first prong, the Court evaluates whether "the

discharging agency's functions entail decision making on issues

where there is room for political disagreement on goals or their

implementation."  O'Connell v. Marrero-Recio, 724 F.3d 117, 126

(1st Cir. 2013) (quoting Rosenberg v. City of Everett, 328 F.3d 12,

18 (1st Cir. 2003)).  Rodriguez's employing agency, the Office of

the Superintendent of the Capitol Building, oversees "the upkeep,

maintenance, extension, construction and remodeling of the

buildings and grounds of the Commonwealth Capitol Building."  P.R.

Laws Ann. tit. 2 § 651.  "The maintenance and upkeep of the

Commonwealth's Capitol grounds hardly involves partisan political

interests."  Sastre-Fernandez, 972 F. Supp. 2d at 219.  Rodriguez's

employing agency does not satisfy the first prong of a trust

position.

        Furthermore, the position fails to satisfy the second

prong.    The   Court   examines   whether   "the   particular

responsibilities of the plaintiff's position resemble those of a

policymaker, privy to confidential information, a communicator,

or some other office holder whose function is such that a party

Civil No.  15-1535 (FAB)                                                9

affiliation is an equally appropriate requirement for continued

tenure."   Rosenberg, 328 F.3d at 18.   The Court considers the

position's "relative pay, technical competence, power to control

others, authority to speak in the name of policymakers, public

perception, influence on programs, contact with elected officials,

and responsiveness to partisan politics and political leaders."

O'Connell, 724 F.3d at 127 (quoting O'Connor v. Steeves, 994 F.2d

at 910).

     Here, Rodriguez coordinated meetings, inspections, and

jobs for construction projects and mechanical and electrical

issues.   (Docket No. 45-2 at pp. 51-52.)   He asserts that he (1)

never had the authority to make policy; (2) did not evaluate other

employees, discipline them, or recommend that they be disciplined;

(3) had no authority to hire or fire an employee; and (4) did not

report to the  Superintendent directly.[5] (Docket No. 52-2.)   These

responsibilities do not resemble those of a trust position, nor do

they have to do with partisan ideology.   See Sastre-Fernandez, 972

F. Supp. 2d at 219 (finding that plaintiff's duties as a

groundskeeper did not constitute those of a trust position, even

though the government had labeled plaintiff's position as

---

[5]  Rodriguez reported to Alex Martinez (Project Manager), who
reported to Pablo Sastre (Deputy Superintendent), who reported to
the Superintendent.   (Docket No. 52-2 at p. 1.)

Civil No.  15-1535 (FAB)                                              10

"trust").   Rodriguez's  Project  Coordinator  position  does not

satisfy the second prong of a trust position.

        Plaintiff's position of Project Coordinator fails to meet

the  requirements  of  a  trust  position.[6]   The  Court  finds  that

plaintiff's position was a career position, and he was therefore

entitled  to  a  pre-termination  hearing.   By  not  affording  him  a

hearing,  defendants  violated  Rodriguez's  procedural  due  process

right.

    **2.    Vazquez's Defense of Qualified Immunity**

        Defendants   argue   that   even   if   the   Court   decides

plaintiff's Due Process Clause claim is valid, Vazquez is still

entitled  to  qualified  immunity.   (Docket No. 45 at p. 15.)   The

Court disagrees.

        "Due  process  in  a  pre-termination  hearing  of  a  career

civil servant with a property interest in his job is required by

law."  Maldonado Aqueda v. Montalvo, 826 F. Supp. 47, 51 (D.P.R.

1993); see Cleveland Bd. of Educ. v. Looudermill, 470 U.S. 532, 537

(1985).   Here,  the  Court  has  already  established  that  Rodriguez

---

[6] Pablo Sastre ("Sastre") filed a parallel case prior to this one
before another Court against the same defendants.  The defendants
moved to dismiss, arguing that Sastre's duties included policy
making-powers.    (Docket  No.  52-2.)    Sastre-Fernandez  v.
Superintendencia del Capitolio, 972 F. Supp. 2d (2013).  The Court
denied the motion to dismiss and found that Sastre's job position
was not a trust position.  Id. at p. 220.

Civil No.  15-1535 (FAB)                                           _  11

held  a  career  position,  and  that  defendants  failed  to  offer

Rodriguez  a  pre-termination  hearing.  (Docket  No.  52  at  p.  3).

Plaintiff's  deprivation  of  a  pre-termination  hearing  is  a

Constitutional  violation,  and,  therefore,  satisfies  the  first

element  of  qualified  immunity's  two-part  test.

        For  the  second  prong  of  the  test,  the  Court  must  determine

if  plaintiff's  right  was  clearly  established  at  the  time  of  the

violation.   See  Maldonado,  568  F.3d  at  269.   The  First  Circuit

Court  of  Appeals  divides  this  part  of  the  test  into  two  inquiries:

"(1)  whether  the  contours  of  the  right  [were]  sufficiently  clear

that  a  reasonable  official  would  understand  that  what  he  is  doing

violates  that  right,  and  (2)  whether  in  the  specific  context  of  the

case,  a  reasonable  defendant  would  have  understood  that  his  conduct

violated  the  plaintiff's  constitutional  rights."   Mosher  v.  Nelson,

589  F.  3d  488,  438  (1st  Cir.  2009)  (quoting  Maldonado,  568  F.3d  at

269).

        First,  the  First  Circuit  Court  of  Appeals  and  this  Court

have  held  for  many  years,  and  in  many  instances,  that  employees

holding  career  positions  in  Puerto  Rico  are  entitled  to  pre-

termination  hearings  because  they  have  a  property  right  in  their

employment.   Accord  Laborde-Garcia  v.  P.R.  Tel.  Co.,  993  F.2d  265,

266-67  (1st  Cir.  1993);  Rodriguez-Diaz  v.  Cruz-Colon,  878  F.  Supp.

2d  333,  344  (D.P.R.  2012)  (Gelpi,  J.)  ("Career  employees  .  .  .  have

Civil No.  15-1535 (FAB)                                          _  12

a property interest in their continued employment under Puerto Rico

law."); <u>Feliciano v. P.R. State Ind. Fund</u>, 818 F. Supp. 2d 482,

494-95 (D.P.R. 2011) (Dominguez, J.).  Thus, the contours of the

Constitutional right were clear here – plaintiff was entitled to a

hearing. Knowing this well-established rule, and that plaintiff's

job responsibilities did not resemble those of a policymaker, a

reasonable defendant would have realized that plaintiff Rodriguez

was a career employee, and thus, terminating him without a hearing

deprives him of a property interest and violates his Due Process

Clause rights.  Defendants fail to satisfy either part of the

qualified immunity test.  Accordingly, the Court finds that the

defense of qualified immunity does not apply to defendant Vazquez.

Because plaintiff's due process rights were violated and

defendant  Vazquez's  defense  of  qualified  immunity  fails,

defendants'  motion  for  summary  judgment  as  to  plaintiff's  Due

Process Clause claim is **DENIED.**

## IV.  Conclusion

For  the  reasons  expressed  above,  defendants'  motion  for

summary judgment is **GRANTED IN PART** and **DENIED IN PART.**

San Juan, Puerto Rico, February 17, 2017.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
United States District Judge